JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
World End Imports, Inc.

## DEFENDANTS
Michael Summer & Cruz Accessories a/k/a H&C Corp.

**(b)** County of Residence of First Listed Plaintiff: **Cape May County, NJ**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Georgetown, SC**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Obermayer Rebmann Maxwell & Hippel LLP
Steven A. Haber, Esquire (SH-4739); steven.haber@obermayer.com
200 Lake Drive East, Suite 110, Cherry Hill, NJ 08002 (856-795-3300)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☒ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 465 Other Immigration Actions | | |
| | | ☐ 540 Mandamus & Other | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
17 U.S.C. 101, et al.

Brief description of cause:
Copyright Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 08/18/2016
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

JS 44 Reverse (Rev. 07/16)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**
By:   Steven A. Haber, Esquire (SH-4739)
      Samantha J. Koopman, Esquire (SK-4485)
Woodland Falls Corporate Park
200 Lake Drive East, Suite 110
Cherry Hill, NJ 08002-1171                         Attorneys for Plaintiff,
Phone: (856) 795-3300                              World End Imports, Inc.
Email: steven.haber@obermayer.com

| | |
|---|---|
| WORLD END IMPORTS, INC. | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEW JERSEY |
| v. | |
| MICHAEL SUMMER | |
| and | |
| CRUZ ACCESSORIES a/k/a | |
| H&C CORP. | DOCKET NO. |

## COMPLAINT

Plaintiff, World End Imports, Inc. ("Plaintiff"), by way of complaint against defendants, Michael Summer ("Summer") and Cruz Accessories a/k/a H&C Corp. ("Cruz," together with Summer, "Defendants"), alleges as follows:

### PRELIMINARY STATEMENT

1.   Plaintiff brings this action seeking to put a stop to, and to obtain redress for, Defendants' blatant and purposeful infringement of Plaintiff's copyrighted jewelry designs, including the Heart-Shaped Kissing Seahorses Charm ("Kissing Seahorses"), the Mermaid Charm ("Mermaid"), the Sea Turtle Tracks NCK ("Sea Turtle Tracks") and the Sea Turtle with Faceted Resin Back ("Sea Turtle with Resin Back") designs.

2.   Recognizing Plaintiff's success as a jewelry designer of unique nautical designs, and Plaintiff's popularity, talent and goodwill, and in an improper effort to capitalize on

Plaintiff's success, Defendants have improperly and unlawfully copied, reproduced, displayed and/or sold Plaintiff's Kissing Seahorses, Mermaid, Sea Turtle Tracks and Sea Turtle with Resin Back designs, without authorization from Plaintiff.

3. Defendants' conduct is causing, and unless immediately enjoined, will continue to cause, irreparable harm to Plaintiff, including loss of customer good will, the imminent destruction of the copyright value of Plaintiff's designs and loss of business. Defendants conduct must immediately be stopped and Plaintiff must be compensated for Defendants' willful acts of infringement.

## THE PARTIES

4. Plaintiff, World End Imports, Inc., is a New Jersey corporation with a principal place of business at 6 Enterprise Drive, Cape May Courthouse, NJ 08210. Plaintiff is a wholesaler of jewelry that features unique and proprietary designs. Plaintiff has obtained U.S. copyright registrations covering many of its jewelry designs, including the Kissing Seahorses, Mermaid, Sea Turtle Tracks and Sea Turtle with Resin Back designs.

5. Cruz is a South Carolina corporation with a principal place of business located at 5284 Highway 17 Business, Murrells Inlet, South Carolina, 29576.

6. Michael Summer is an adult individual residing at 394 Dune Oaks Drive, Georgetown, South Carolina, 29440. Upon information and belief, Summer is the owner of Cruz. Upon information and belief, Summer directs, supervises, and controls the activities of Cruz, including those in violation of the Copyright Act.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright claims under 28 U.S.C. §1331 and 28 U.S.C. §1338(a). This Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. §1367(a).

8. This Court has personal jurisdiction over Cruz because Cruz conducts business within New Jersey and derives substantial revenue from goods used and/or services rendered in New Jersey.

9. As Cruz's owner, Summer conducts business within New Jersey and derives substantial revenue from goods used and/or services rendered in New Jersey.

10. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants do business in this District and own and operate an online store with substantial sales in this District. Additionally, a substantial part of wrongful acts alleged in this Complaint occurred in this District.

## FACTS

### Plaintiff's Copyrighted Designs

11. Plaintiff designs, manufactures, and wholesales unique jewelry, including various nautical themed designs. Plaintiff's jewelry is widely popular and has greatly contributed to the success of Plaintiff's business and its brand. Plaintiff has invested substantial resources and effort in the promotion and extensive use of its jewelry designs in the United States such that they have become well known and associated with Plaintiff and represent a significant and valuable asset of Plaintiff.

12. Plaintiff's jewelry designs are original, creative works, for which Plaintiff invested significant time and resources in creating the proprietary designs and registering those designs with the United States Copyright Office.

13. Plaintiff takes pride in its original jewelry designs and vigorously protects its copyrights in those designs. Plaintiff's copyrighted designs include:

   a. the "Kissing Seahorses" design, which was first published on June 10, 2013 and which received U.S. Copyright protection on June 15, 2016 (VA 2-010-419);

   b. the "Mermaid" design, which was first published on January 2, 2014 and which received U.S. Copyright protection on June 15, 2016 (VA 2-011-033);

   c. the "Sea Turtle Tracks" design, which was first published on January 1, 2015 and which received U.S. Copyright protection on June 15, 2016 (VA 2-001-412); and

   d. the "Sea Turtle with Resin Back" design, which was first published on January 14, 2016 and which received U.S. Copyright protection on June 15, 2016 (VA 2-010-587) (collectively, Plaintiff's copyrighted designs are referred to herein as the "Copyrighted Designs").

Copies of the Copyrighted Designs' registrations are attached hereto collectively as Exhibit "A."

14. Plaintiff has complied with the Copyright Act with respect to its Copyrighted Designs. Among other things, Plaintiff has the exclusive rights to copy and distribute the Copyrighted Designs.

15. Plaintiff has not released its Copyrighted Designs into the public domain, nor has Plaintiff licensed its Copyrighted Designs to any third party.

16. Defendants have, without authorization, copied, modified, reproduced, distributed, displayed and/or sold or induced, caused, and materially contributed to the copying,

modification, reproduction, distribution, and sale of jewelry designs, which are substantially similar to and infringe upon Plaintiff's Copyrighted Designs.

## Defendant's Infringement

17. Beginning on June 10, 2013, Plaintiff began showcasing its Kissing Seahorses design in various tradeshows throughout the United States, including without limitations, New Jersey.

18. On January 2, 2014, Plaintiff began showcasing its Mermaid design in these same tradeshows. The following year, on January 1, 2015, Plaintiff began showcasing its Sea Turtle Tracks design, and one year later, on January 14, 2016, Plaintiff began showcasing its Sea Turtle with Resin Back designs.

19. Plaintiff and Cruz appeared at many of the same tradeshows during this time period, and Cruz, through Summer, had access to Plaintiff's booth and catalogs where Plaintiff's Copyrighted Designs were displayed.

20. Between March and May 2015, Plaintiff learned that Defendants were selling counterfeits of Plaintiff's Kissing Seahorses, Mermaid and Sea Turtle Tracks designs. Beginning in June of 2016, Plaintiff learned that Defendants were also selling counterfeits of Plaintiff's Sea Turtle with Resin Back designs.

21. Specifically, Defendants have, without authorization, distributed and sold through its wholesale outlet, including to retail companies located in this District, jewelry designs which are substantially similar to and infringe upon Plaintiff's copyrighted "Kissing Seahorses" design (Plaintiff Style No. 0301474). Such infringing designs include but are not limited to Defendants' "Kissing Seahorse Antique Silver Pendant Necklace" (Cruz Style No. NK2337) and "Kissing Seahorse Pendant Necklace on Silver Finished Chain" (Cruz Style No. NK2531). Copies of

5

Cruz's infringing jewelry designs and Plaintiff's copyrighted jewelry design are attached hereto as Exhibit "B."

22. Defendants have, without authorization, distributed and sold through its wholesale outlet, including to retail companies located in this District, jewelry designs which are substantially similar to and infringe upon Plaintiff's copyrighted "Mermaid" design (Plaintiff Style No. 0201344). Such infringing designs include but are not limited to Defendants' "Mermaid w/ In-Line Bead Anklet Assorted" (Cruz Style No. AK2208). Copies of Cruz's infringing jewelry design and Plaintiff's copyrighted jewelry design are attached hereto as Exhibit "C."

23. Defendants have also, without authorization, distributed and sold through its wholesale outlet, including to retail companies located in this District, jewelry designs which are substantially similar to and infringe upon Plaintiff's copyrighted "Sea Turtle Tracks" design (Plaintiff Style No. 0301514). Such infringing designs include but are not limited to Defendants' "Sea Turtle w/Tracks Necklace" (Cruz Style No. NK2376). Copies of Cruz's infringing jewelry design and Plaintiff's copyrighted jewelry design are attached hereto as Exhibit "D."

24. Additionally, Defendants have, without authorization, distributed and sold through its wholesale outlet, including to retail companies located in this District, jewelry designs which are substantially similar to and infringe upon Plaintiff's copyrighted "Sea Turtle with Resin Back" design (Plaintiff Style No. 401118). Such infringing designs include but are not limited to Defendants' "Anklet w/ Sea Turtle and Frost Opaque Bead Assorted" (Cruz Style No. AK2212). Copies of Cruz's infringing jewelry design and Plaintiff's copyrighted jewelry design are attached hereto as Exhibit "E."

5058819

25. Upon information and belief, Summer had the corporate authority and ability to direct, and did direct, Cruz's infringing activates, including the copying, modification, reproduction, distribution, and sale of the infringing jewelry designs.

26. As of the filing of this Complaint, Defendants continue to sell infringing jewelry designs, which are offered for sale on Cruz's website, located at http://www.cruzaccessories.com/16/home.htm, and also through retail stores throughout the United States, including in New Jersey. Although substantially identical to Plaintiff's Kissing Seahorses, Mermaid, Sea Turtle Tracks and Sea Turtle with Resin Back designs, the infringing jewelry designs by Cruz are of significantly inferior quality.

27. As a result of Defendants' infringement, Plaintiff has suffered, and continues to suffer, great and incalculable damages. By continuing to copy, modify, reproduce, distribute, and sell infringing jewelry designs without authorization, Defendants threaten to commit further acts of copyright infringement.

28. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiff will suffer irreparable damages for which it has no adequate remedy at law.

### COUNT I
### Copyright Infringement Pursuant to 17 U.S.C. §§ 106 and 501
### (Against All Defendants)

29. Plaintiff incorporates by reference its previous averments as if fully set forth herein.

30. Plaintiff is the sole owner of all right, title, and interest in the copyright for the Kissing Seahorses, Mermaid, Sea Turtle Tracks and Sea Turtle with Resin Back designs. *See* Exhibit A.

31. Defendants have willfully, on one or more occasions, copied, modified, reproduced, distributed, and sold jewelry designs infringing upon Plaintiff's copyrights without Plaintiff's consent or authority. Defendants knew or should have known that the designs they displayed and sold were unauthorized reproductions of Plaintiff's Copyrighted Designs or derivate works thereof.

32. By continuing to publically display and sell unauthorized reproductions of Plaintiff's Copyrighted Designs, Defendants have engaged in intentional infringement in violation of Section 106 and 501 of the Copyright Act, causing damages in an amount to be proved at trial.

33. Defendants' infringing activities diminish the reputation and value of Plaintiff's Copyrighted Designs. Such activities have caused, and will continue to cause substantial, immediate, and irreparable injury, including the loss of customer good will, the imminent destruction of the copyright value of Plaintiff's Copyrighted Designs, loss of business and other injury. Plaintiff has no adequate remedy at law to redress these injuries and is therefore entitled to injunctive relief.

## COUNT II
### Contributory Copyright Infringement
### (Against All Defendants)

34. Plaintiff incorporates by reference its previous averments as if fully set forth herein.

35. Defendants have knowingly, intentionally and willfully, on one or more occasions, induced, caused, and materially contributed to the unauthorized copying, modification, reproduction, distribution, and/or sale of jewelry designs infringing upon

5058819

Plaintiff's Copyrighted Designs or derivative works thereof without Plaintiff's consent or authority.

36. On information and belief, Defendants supplied third-parties with copies of Plaintiff's Copyrighted Designs from which these third parties were instructed by Defendants to create unauthorized reproductions or derivative works thereof.

37. On further information and belief, Defendants supplied third-parties with materials and equipment, or the funds to purchase materials and equipment, from which they created unauthorized reproductions of Plaintiff's Copyrighted Designs, or derivative works thereof, as instructed by Defendants.

38. Defendants' actions constitute willful contributory infringement of Plaintiff's copyrights and exclusive rights in violation of Sections 106 and 501 of the Copyright Act, causing damages in an amount to be proved at trial.

39. Defendants' contributory infringement is and has been willful, intentional, purposeful, and in disregard of the rights of Plaintiff, and has caused substantial harm to Plaintiff.

40. Furthermore, Defendants' contribution to the infringing activities has diminished, and continues to diminish, the reputation and value of Plaintiff's Copyrighted Designs. Such activities have caused, and will continue to cause substantial, immediate, and irreparable injury, including the loss of customer good will, the imminent destruction of the copyright value of Plaintiff's Copyrighted Designs, loss of business and other injury. Plaintiff has no adequate remedy at law to redress these injuries and is therefore entitled to injunctive relief.

5058819

## COUNT III
### Vicarious Copyright Infringement
### (Against Summer)

41. Plaintiff incorporates by reference its previous averments as if fully set forth herein.

42. Summer has the right and ability to supervise Cruz's activities, including those that violate the Copyright Laws.

43. Summer enjoys an obvious and direct financial benefit from the infringing activity of Cruz and others.

44. Summer has willfully, on one or more occasions, profited from the infringement of Plaintiff's copyrights while declining to exercise a right and ability to stop or limit the infringing conduct.

45. Summer's actions constitute vicarious infringement of Plaintiff's Copyrighted Designs in violation of the Copyright Act, causing damages in an amount to be proved at trial.

46. Furthermore, Summer's actions have diminished, and continue to diminish, the reputation and value of Plaintiff's Copyrighted Designs. Such activities have caused, and will continue to cause, substantial, immediate, and irreparable injury, including the loss of customer good will, the imminent destruction of the copyright value of Plaintiff's Copyrighted Designs, loss of business and other injury. Plaintiff has no adequate remedy at law to redress these injuries and is therefore entitled to injunctive relief.

## COUNT IV
### Unfair Competition
### (Against All Defendants)

47. Plaintiff incorporates by reference its previous averments as if fully set forth herein.

5058819

48. By copying, modifying, reproducing, distributing and/or selling jewelry designing infringing upon Plaintiff's Copyrighted Designs, Defendants have maliciously and in bad faith misappropriated Plaintiff's commercial advantage and other property rights in Plaintiff's designs, thus competing unfairly against Plaintiff.

49. As a direct and proximate result of the foregoing, Plaintiff has been, and continues to suffer substantial, immediate, and irreparable injury, including the loss of customer good will, the imminent destruction of the copyright value of Plaintiff's Copyrighted Designs, loss of business and other injury. Plaintiff has no adequate remedy at law to redress these injuries and is therefore entitled to injunctive relief.

## Jury Trial Demand

Plaintiff demands a jury trial of all facts and issues triable by jury.

## Prayer for Relief

WHEREFORE, Plaintiff requests as Judgment against Defendants:

a) An Order pursuant to 17 U.S.C. § 502 to enjoin Defendants, their parents, affiliates, subsidiaries, officers, directors, employees, agents, successors and assigns, and all those persons in active concert or participation with them, from further infringing conduct, including but not limited to, reproducing, displaying, selling or otherwise distributing unauthorized reproductions of Plaintiff's Copyrighted Designs, or derivative works thereof.

b) An Order pursuant to 17 U.S.C. § 502 to enjoin Defendants their parents, affiliates, subsidiaries, officers, directors, employees, agents, successors and assigns, and all those persons in active concert or participation with them from further contributing to infringing conduct, including but not limited to, causing copies of Plaintiff's Copyrighted Designs, or derivative works thereof, to be produced or distributed.

5058819

c) An Order pursuant to 17 U.S.C. § 503 compelling Defendants to destroy all infringing designs in their possession, custody, or control, and subsequent reporting to Plaintiff on the details of such destruction;

d) An award of actual damages and Defendants' profits attributable to their infringing activities pursuant to 17 U.S.C. § 504(b).

e) An award of actual damages and an amount equal to the third-party infringer's profits attributable to Defendants' contributory infringing acts pursuant to 17 U.S.C. § 504(b).

f) Actual damages, Defendants' profits, and punitive damages based on Plaintiff's state law claims.

g) An award of treble and/or punitive damages.

h) Such further relief as this Court deems just and proper.

Respectfully Submitted,

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**

By: */s/ Steven A. Haber*
    Steven A. Haber, Esquire (SH-4739)
    Samantha J. Koopman, Esquire (SK-4485)
    Woodland Falls Corporate Park
    200 Lake Drive East, Suite 110
    Cherry Hill, NJ  08002-1171
    Phone:  (856) 795-3300
    Email:  steven.haber@obermayer.com

Dated:  August 18, 2016

5058819